PER CURIAM.
The issue on appeal is whether a firearm found on appellant during a weapons search should have been suppressed on appellant’s motion. The trial court denied the motion and appellant pleaded nolo contendere to a charge of carrying a concealed firearm, specifically reserving his right to appeal the denial of his motion to suppress.
The trial court had before it depositions of the officers involved in the search, from which we glean the following facts. Appellant and a male companion were in a bar in Orange County when four deputies, one of whom was in uniform, came in to make a routine check for violations of topless dancing ordinances. During their inspection they noticed appellant and his companion watching them intently. Appellant moved several times so he could keep them in sight. At least one of the officers recognized appellant and his companion as members of the Outlaws motorcycle gang, and was aware of reports that appellant, as well as other members of the gang, was often armed.
Just prior to the officers’ departure after about ten minutes, appellant’s companion left the bar, and as the officers left, appellant exited behind them. Once outside, appellant, his companion and the officers engaged in conversation. The officer who searched Sprinkle knew him to be an Outlaw, had heard that Sprinkle had previously been found with weapons in his possession, was apprehensive for his own safety during their conversation and determined that a weapons search was necessary for his and the other officers’ protection.
We think this case is controlled by the principles expressed in Ingram v. State, 264 So.2d 109 (Fla. 4th DCA 1972) where under similar circumstances a weapons search was upheld. There, the court held that the validity of the search did not depend on the application of the “stop and frisk law,” (now section 901.151, Florida Statutes [1979]), but on Fourth Amendment considerations as well as consideration of section 12, Article I of the Florida Constitution. Applying the test enunciated in Terry v. State of Ohio, (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, viz:
“. .. it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search ‘warrant a man of reasonable caution in the belief’ that the action was appropriate?”
the court held the limited weapons search to be valid. It went on to say:
By applying the principles expressed in Terry v. State of Ohio, we conclude that under the facts of the present case, the *1084 police officer had a reasonable ground under the circumstances of his encounter with the defendant to believe the defendant to be armed and dangerous and made a reasonably limited search for the purpose of neutralizing such danger. For us to hold that the officer was required to disregard the reports he had received because they were of a hearsay nature is not reasonable. Prudent people act on “hearsay” in countless matters.
Ingram at 111.
The court further stated that if the officer had sought out the defendant without probable cause for arrest and thereby intentionally initiating the encounter, the search would not be justified. But those were not the facts in Ingram, nor are they the facts here. The presence of the officers and Sprinkle in the same bar at the same time was happenstance. The officers had all left the bar and could not avoid contact with Sprinkle, who voluntarily chose to exit the bar right behind them. Had Sprinkle wished to do so, he could have stayed where he was until the officers were gone, because they had not addressed him or his presence in any way, other than to take note of his watching them. In view of his suspicious behavior in the bar, his known reputation for carrying weapons, and his initiation of the encounter by following them out, the officers were justified in conducting a limited weapons search of appellant for their protection while in each other’s presence.
The judgment is AFFIRMED.
ORFINGER and FRANK D. UP-CHURCH, JJ., concur.
DAUKSCH, C. J., dissents with opinion.